UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND


CATHERINE MASGAY

    Plaintiff,


V.                                                                                  CIVIL ACTION NO.

CREDITORS INTERCHANGE
RECEIVABLE MANAGEMENT, LLC.

    Defendant.                                                   NOVEMBER 3, 2008


## **COMPLAINT**


### I.  INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff Catherine Masgay, as an individual consumer, against Defendant Creditors Interchange Receivables Management, LLC hereinafter ("Creditors Interchange") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## II.  JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k (d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

3. Venue in this District is proper in that the defendant transacts business here and the conduct complained of occurred here.

## III. PARTIES

4. Plaintiff is a natural person residing in town of Edgewater, County of Anne Arundel and the State of Maryland.

5. Defendant Creditors Interchange is a foreign corporation engaged in the business of collecting debts in the State of Maryland with its principal place of business located at 80 Holtz Drive, Cheektowaga, NY 14225 and is authorized to do business in Maryland.

6. On information and belief, the principal purpose of Defendant's business in this State is the collection of debts and Defendant regularly attempts to collect debts alleged to be due another.

7. Defendant is engaged in the collection of debts from consumers using the mail and telephone.

8. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a (6).

## IV. FACTUAL ALLEGATIONS

9. At all times relevant hereto; the Defendant was attempting to collect an alleged debt from the Plaintiff (hereinafter "debt")

10. The alleged debt was incurred by the plaintiff for personal, family, or household purposed and is a "debt" as defined by 15 U.S.C. § 1692a(5).

11. Based on information and belief, during the months of June, 2008 through November, 2008, Defendant Creditors Interchange, by telephone calls informed Plaintiff that she owed a $1,300 credit card debt.

12. Defendant Creditors Interchange failed to advise Plaintiff of her rights pursuant to § 1692e (11).

13. Defendant Creditors Interchange advised the Plaintiff that she had no right to dispute this debt.

14. Defendant Creditors Interchange advised the plaintiff that she was required to contact the creditor if she would like to dispute this debt, despite previous notice advising her to contact Creditors Interchange if she disputed this debt.

15. Defendant Creditors Interchange demanded immediate payment on this disputed debt or threatened to contact Plaintiff's sister-in-law Donna.

16. Defendant Creditors Interchange contacted the Plaintiff, October 30, 2008 despite written notice from the Kennedy Law Firm informing the collection agency of our representation, October 29, 2008.

17. Defendant Creditors Interchange contacted the Plaintiff, October 31, 2008 and again on November 3, 2008, after my second letter of representation was faxed to Defendant's legal department dated October 30, 2008.

18. Defendant Creditors Interchange advised the Plaintiff that they left voicemail messages at the home of Plaintiff's sister-in-law Donna Masgay:

(a). Violating the FDCPA by communicating with a third party about plaintiff's disputed debt. and/or (b). Violating the FDCPA by making a false, deceptive or misleading statement to Plaintiff.

19. As a result of the acts alleged above, Plaintiff has been damaged.

## V.  CLAIM FOR RELIEF

20. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

21. In the collection efforts, Creditors Interchange violated the FDCPA, inter alia,

(a) Violation of §1692e (11). The Failure to disclose in communications that the communication is from a debt collector.

(b) Violation of § 1692e (10). The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

(c) Violation of § 1692d (5). Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

(d) Violation of § 169c (a) (1). A debt collector may not communicate with a consumer in connection with the collection of any debt at any unusual time or place or time or place known or which should be known to be inconvenient to the consumer.

(e) Violation of § 169c (a) (2).   If the debt collector knows the consumer is represented by an attorney with respect to such debt.

(f) Violation of § 169c (b).  A debt collector may not communicate, in connection with the collection of any debt, with any person other than a consumer, his attorney, CRA, if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

22. As a result of the foregoing violations of the FDCPA, Defendant Creditors Interchange is liable to the plaintiff for declaratory judgment that Creditors Interchange conduct violated the FDCPA, actual damages, statutory damages, costs and attorney's fees.

WHEREFORE, Plaintiff respectfully requests that judgment is entered against Defendant Creditors Interchange for the following:

A.  Declaratory judgment that Defendant's conduct violated the FDCPA;

B.  Actual damages;

C.  Statutory damages pursuant to 15 U.S.C. § 1692k;

D.  Costs and reasonable attorney's fees pursuant to 15 US. 1692k (3).

E.  For such other and further relief as the Court may deem just and proper.

                                                THE PLAINTIFF

                                                BY<u>/S/Bernard T. Kennedy</u>
                                                Bernard T. Kennedy, Esquire
                                                The Kennedy Law Firm
                                                P.O. Box 657
                                                Edgewater, MD 21037
                                                Ph   (443) 607-8901
                                                Fax (443) 607-8903
                                                Fed. Bar # Md26843
                                                bernardtkennedy@yahoo.com